```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF UTAH
```

| | |
|---|---|
| BRENT MAYON COBB,<br><br>         Plaintiff,<br><br>   v.<br><br>JUDGE GLEN R. DAWSON et al.,<br><br>         Defendants. | **ORDER TO AMEND DEFICIENT COMPLAINT, & MEMORANDUM DECISION**<br><br>Case No. 1:12-CV-197 TC<br><br>District Judge Tena Campbell |

Plaintiff, Brent Mayon Cobb, a prisoner at Davis County Jail, filed this *pro se* civil rights suit.[1] Reviewing the complaint under § 1915A, the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint

Complaint:

(a)   does not address Judge Dawson's potential immunity from suit, as further explained below.

(b)   does not address Prosecutor Brandon Poll's potential immunity from suit, as further explained below.

(c)   provides no affirmative link between violation of Plaintiff's civil rights and the actions of specifically identified officers of Adult Probation and Parole.

(d)   alleges claims that are possibly invalidated by the rule in *Heck* (see below).

(e)   improperly brings claims against Sheriff Todd Richardson, presumably under a respondeat-superior theory, as he is not

---

[1] *See* 42 U.S.C.S. § 1983 (2012).

      otherwise affirmatively linked to any violations of Plaintiff's civil rights.

(f)   has claims appearing to be based on conditions of current confinement; however, the complaint was apparently not submitted using the legal help Plaintiff is entitled to by his institution under the Constitution.[2]

### Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[3] Rule 8(a)'s requirements are meant to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[4]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide

---

[2] *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

[3] Fed. R. Civ. P. 8(a).

[4] *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

such facts if the court is to determine whether he makes out a claim on which relief can be granted."[5]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[6]  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[7]

Plaintiff should consider these points when refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or supplement.[8]  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[9]  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[10]  Third, Plaintiff cannot name someone as a

---

[5]*Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

[6]*Id.* at 1110.

[7]*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[8]*See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[9]*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[10]*Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

defendant based solely on his or her supervisory position.[11] And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Further, it is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).  Regarding the claims at issue here, Judge Dawson may have been acting in his judicial capacity in presiding over this case, so his actions would be entitled to absolute immunity.  *See Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished).

Moreover, a prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976).  Poll's acts, as alleged by Plaintiff, appear to relate to his advocacy before the court.

---

[11]*See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

This defendant therefore may be entitled to absolute prosecutorial immunity from this lawsuit.

Finally, the Court concludes that Plaintiff's claims appear to involve some allegations that, if true, may invalidate his conviction and/or sentencing. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights in a way that may attack Petitioner's very imprisonment. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is

invalid.  *Id.* at 487.  Here, it appears it would regarding some claims.  If this Court were to conclude that Plaintiff's constitutional rights regarding illegal incarceration were violated in a prejudicial manner, it would be stating that Plaintiff's conviction and/or sentence were not valid.  Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Id.*

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have thirty days from the date of this order to cure the deficiencies noted above.

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 23rd day of October, 2012.

BY THE COURT:

_____
JUDGE TENA CAMPBELL
United States District Court